UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN HARRY SIPLE,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | No. EDCV 09-35 PA (FFM)<br><br>MEMORANDUM DECISION AND ORDER |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying his application for a period of disability, disability benefits, and Supplemental Security Income benefits. On February 11, 2009 and March 9, 2009, plaintiff and defendant, respectively, consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pursuant to the case management order entered on January 28, 2009, on August 28, 2009, the parties filed a Joint Stipulation (the "JS") detailing each party's arguments and authorities. The Court has reviewed the administrative record (the "AR"), filed by defendant on July 2, 2009, and the JS. For the reasons stated below, the decision of the Commissioner is affirmed.

///

///

///

## PROCEDURAL HISTORY

On February 20, 2007, plaintiff filed applications for a period of disability, disability benefits, and Supplemental Security Income benefits. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). ALJ Jay E. Levine held a hearing on August 23, 2007. (AR 214 - 41.) Plaintiff appeared with counsel and testified at the hearing. (*See id.*)

On February 7, 2008, the ALJ issued a decision denying benefits. (AR 10 - 22.) On March 11, 2008, plaintiff sought review of the decision before the Social Security Administration Appeals Council. (AR 9.) The Appeals Council denied plaintiff's request for review on November 10, 2008. (AR 4 - 6.)

Plaintiff filed his complaint herein on January 23, 2009.

## CONTENTIONS

Plaintiff raises five issues in this action:

1. Whether the ALJ properly considered plaintiff's testimony regarding his treatment history with Dr. Raese;

2. Whether the ALJ properly considered the treating physician's opinion regarding plaintiff's multiple moderate, marked and extreme limitations;

3. Whether the ALJ properly developed the record;

4. Whether the ALJ properly considered plaintiff's testimony regarding his need to use a cane; and

5. Whether the ALJ posed a complete hypothetical question to the vocational expert.

///
///
///
///

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.,* 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003).

## DISCUSSION

Issue Nos. One and Two (Whether the ALJ properly considered plaintiff's testimony regarding his treatment history with Dr. Raese; and whether the ALJ properly considered Dr. Raese's opinion regarding plaintiff's multiple moderate, marked and extreme limitations).

Plaintiff testified that in September, 2006, he was "still seeing" Dr. Raese.[1] The only information from Dr. Raese in the record is a two page "check the box" form

---

[1] In response to the ALJ's question, "Were you still seeing [Dr. Raese] in September of 06," plaintiff responded, "In September of 06? I think so, yes. He was still in business." (AR 237.)

entitled "Work Capacity Evaluation (Mental)." (AR 198-99.) In rejecting the opinions expressed on the form, the ALJ stated in his decision:

> I have also read and considered the functional capacity evaluation solicited by the attorney and submitted by Dr. Raese (Exhibit 9F [AR 198-99]). Dr. Raese has no treatment history with the claimant, did not submit a diagnosis or mental status evaluation. The statement is no more than patient accommodation done in anticipation of litigation.

(AR 21.)

Plaintiff contends that plaintiff's testimony cited above demonstrates that, contrary to the ALJ's statement, plaintiff had a treatment history with Dr. Raese. The import of plaintiff's argument is that at least one of the reasons stated by the ALJ for rejecting Dr. Raese's opinion is not supported by the record. Plaintiff's challenge, therefore, is actually directed toward the legitimacy of the ALJ's rejection of Dr. Raese's opinions, not the ALJ's credibility determination of plaintiff.[2] Both issues one and two thus resolve to the question of whether the ALJ properly rejected Dr. Raese's opinions.

In evaluating physicians' opinions, the case law and regulations distinguish among three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither treat nor examine the claimant (non-examining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), limited on other grounds, *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996); *see also* 20 C.F.R. §§ 416.902, 416.927(d). As a general rule, more weight should be given to the opinion of

---

[2] In this regard, plaintiff does not contest the ALJ's credibility findings of plaintiff with respect to plaintiff's subjective symptoms, other than with respect to plaintiff's alleged use of a cane. (*See* Issue No. Four, *infra*.)

4

a treating source than to the opinions of physicians who do not treat the claimant. *Winans v. Bowen,* 853 F.2d 643, 647 (9th Cir. 1987); *see also* 20 C.F.R. § 416.927(d)(2).

If a treating physician's opinion on the issue of disability is controverted, the ALJ must provide "specific and legitimate" reasons, supported by substantial evidence in the record, in order to reject the treating physician's opinion. *Lester*, 81 F.3d at 830; *Holohan v. Massanari*, 246 F.3d 1195, 1202-03 (9th Cir. 2001). "The ALJ could meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallenes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks omitted).

Here, the ALJ relied on the opinions of the board certified state agency examining psychiatrist, Dr. Amado (AR 141 - 54), the board certified non-examining psychiatrist (name illegible) (AR 172), the consultative psychiatric examiner, Dr. Abejuela (AR 133 - 39), and the consultative psychological examiner, Dr. Pierce (AR 201 - 05). All of these opinions contradicted Dr. Raese's opinion. Therefore, the ALJ was required to provide "specific and legitimate" reasons to reject Dr. Raese's opinion.

First, the checklist format of Dr. Raese's opinion constitutes a specific, legitimate reason for rejecting it. *Batson v. Commissioner, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ properly discounted treating physician's opinion where, *inter alia*, opinion was in form of checklist). Although the ALJ did not explicitly state, "I reject the opinion because it is in the form of a checklist," the Court may permissibly infer from the ALJ's statement that the opinion was merely an accommodation in anticipation of litigation that the ALJ viewed the format as grounds for discounting the opinion. *Magallenes*, 881 F.2d at 755 (court may draw specific, legitimate inferences from ALJ's decision justifying rejection of treating physician's opinion).

Second, the medical record revealed no treatment history. Moreover, it appears that if any treatment records existed, they were no longer available. Plaintiff testified

1  that Dr. Raese "was no longer available" because he "sort of went crazy . . . and left
2  town." (AR 218.) The ALJ's finding that Dr. Raese did not support his opinions with
3  any diagnosis or mental evaluation constitutes another specific and legitimate reason
4  for rejection of the opinion. Therefore, remand is not required in connection with this
5  issue.

6  <u>Issue No. Three</u> (Whether the ALJ properly developed the record).

7  As discussed above, the ALJ rejected Dr. Raese's opinion, in part, because of a
8  lack of treatment history. Plaintiff asserts that because he testified that he "was still
9  seeing" Dr. Raese in September 2006, the ALJ "should have, at a minimum, submitted
10 questions to Dr. Raese, subpoenaed additional records, continued the hearing, or kept
11 the record open after the hearing to allow supplementation of the record." (JS 12.)

12 The ALJ has an independent duty to fully and fairly develop the record and to
13 assure that the claimant's interests are considered, even when the claimant is
14 represented. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Crane v.
15 Shalala*, 76 F.3d 251, 255 (9th Cir. 1996) (citing *Brown v. Heckler*, 713 F.2d 441, 443
16 (9th Cir. 1983)). However, "[a]n ALJ's duty to develop the record further is triggered
17 only when there is ambiguous evidence or when the record is inadequate to allow for
18 proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th
19 Cir. 2001) (citing *Tonapetyan*, 242 F.3d at 1150). The ALJ may discharge this duty in
20 several ways, including subpoenaing the claimant's physicians, submitting questions to
21 the claimant's physicians, continuing the hearing, or keeping the record open after the
22 hearing to allow supplementation of the record. *Tonapetyan*, 242 F.3d at 1150. In
23 addition, if the information the ALJ needs is not readily available from the treating
24 source, the ALJ may ask the claimant to attend a consultative examination. 20 C.F.R.
25 § 416.912(f).
26 ///

27 Here, there was evidence that Dr. Raese and his records were no longer
28 available. (AR 218.) However, the ALJ complied with his duty to develop the record

by ordering a post-hearing consultative examination. (See AR 201 - 05, 239- 40.) In addition, the ALJ had available to him opinions of the board certified state agency examining psychiatrist, the board certified non-examining psychiatrist, and the consultative psychiatric examiner. The record was neither ambiguous nor inadequate for the ALJ to make a determination. Therefore, remand is not required in connection with this issue.

Issue No. Four (Whether the ALJ properly considered plaintiff's testimony regarding his need to use a cane).

Plaintiff testified that his doctor told him he "might want to use a cane to kind of balance [him]self more when [he] start[s] walking and when [he] stand[s]." (AR 236.) In his decision, the ALJ mentioned that plaintiff "said he used a cane to balance himself and he had a limp." (AR 19.) The ALJ did not mention the alleged use of the cane again. However, the ALJ did state that plaintiff is "only credible to the extent that [plaintiff] can do the work described herein." (*Id*.) Plaintiff asserts that the ALJ failed to properly discredit plaintiff's testimony regarding his need for a cane.

Although the Court finds that the ALJ erred in ignoring the statement regarding the cane, the Court finds the error to be harmless. Plaintiff did not testify that he needed a cane, that one was prescribed for him, or that he regularly used one. His testimony was simply to the effect that his doctor told him that he "might" want to use one. Moreover, both plaintiff and his wife left blank the box to check if plaintiff needed to use a cane in the forms they submitted to the Social Security Administration. (*See* "Function Report - Adult Third Party" at AR 87 and "Function Report - Adult" at AR 96.) The medical record contains no indication that plaintiff needed to use a cane. Indeed, plaintiff did not bring a cane to his consultative examination. (AR 159.) Finally, on examination, plaintiff's gait was found to be "slow but normal without the use of an assistive device." (*Id*.) On this record, no purpose would be served in remanding the matter for the ALJ to make a specific finding with respect to plaintiff's use of a cane.

1        <u>Issue No. Five</u> (Whether the ALJ posed a complete hypothetical question to the
2  vocational expert).
3        Plaintiff asserts that the ALJ's failure to include the limitations found by Dr.
4  Raese and plaintiff's alleged need to use a cane in the hypothetical the ALJ posed to
5  the vocational expert requires reversal.
6        A vocational expert's testimony may constitute substantial evidence of a
7  claimant's ability to perform work which exists in significant numbers in the national
8  economy when the ALJ poses a hypothetical question that accurately describes all of
9  the limitations and restrictions of the claimant that are supported by the record. *See*
10 *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999); *see also Lewis v. Apfel*, 236 F.3d
11 503, 517 (9th Cir. 2001) ("If the record does not support the assumptions in the
12 hypothetical, the vocational expert's opinion has no evidentiary value"). Conversely,
13 the hypothetical need not include limitations which do not find support in the record.
14 *See Light v. Social Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997).
15       Here, the ALJ rejected the limitations that plaintiff contends should have been
16 included in the hypothetical. As shown above, the ALJ's rejections were supported by
17 the record. Thus, the ALJ was not required to include the limitations he rejected in his
18 hypothetical to the vocational expert. Remand on this issue is therefore not warranted.
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27
28                                   **CONCLUSION**

1       For the reasons set forth above, the decision of the Commissioner is
2 AFFIRMED.
3       **IT IS SO ORDERED.**

6 DATED: September 28, 2010

7                               /S/ FREDERICK F. MUMM
8                               FREDERICK F. MUMM
                              United States Magistrate Judge